UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PAMELA BROWN,

    Plaintiff,

v.

CENTURYTEL SERVICE
GROUP, LLC,

    Defendant.

Case No. 5:06cv1984
Hon. Maurice Hicks

Magistrate Judge Mark L. Hornsby

---

Michael Cox
La. Bar Roll Number 20453
Attorney for Plaintiff
205 Tealwood
Bossier City, LA 71111
(318) 746-2793

Michael L. DuBos
Breithaupt, Dunn, DuBos, Shafto & Wolleson
Community Trust Bank Building
1800 Hudson Lane
Suite 200-A
Monroe, Louisiana 71201
(318) 322-1202

David J. Houston (P30448)
Norman D. Hawkins (P36941)
Dickinson Wright PLLC
Attorneys for Defendant
200 Ottawa Avenue, N.W.
Suite 900
Grand Rapids, MI 49504
(616) 458-1300

---

## JOINT STIPULATION AND AGREEMENT FOR PROTECTIVE ORDER

Plaintiff, Pamela Brown ("Brown") and Defendant, CenturyTel Service Group, L.L.C. ("CenturyTel"), by and through their respective legal counsel, hereby stipulate and agree that the following Protective Order may be entered by the Court in the above-captioned action.

WHEREAS, discovery in this case involves the disclosure of confidential and proprietary information about CenturyTel, its present and/or former customers, and present and/or former employees;

WHEREAS, the disclosure of such information other than in accordance with this Order may cause unnecessary damage and injury to Defendant, its present and/or former customers, and present and/or former customers of CenturyTel, Inc., and Defendant's present and/or former employees, and present and/or former employees of CenturyTel, Inc.;

WHEREAS, the parties have agreed upon the terms of this Order; and

WHEREAS, the Court finds that the terms of this Order are fair, just and reasonably necessary to prevent the unnecessary disclosure of confidential and proprietary information;

IT IS THEREFORE ORDERED:

1. Defendant's counsel shall identify which documents contain confidential and/or proprietary information. Such documents do not need to be stamped with the term "confidential" in order to be designated as containing confidential information by Defendant's counsel.

2. Portions of depositions of any person in this case shall be deemed confidential only if they are designated as such when the deposition is taken or within 10 days of the designating party's receipt of a copy of the transcript.

3. Information or documents designated as Confidential under this Confidentiality Stipulation and Protective Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 4 for any purposes whatsoever other than preparing for and conducting the above-captioned litigation (including appeals).

4. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Confidentiality Stipulation and Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

    a. Disclosure may be made to counsel for the parties and employees of counsel for the parties who have direct functional responsibility for the preparation and

trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and be subject to, the provisions of this Confidentiality Stipulation and Protective Order requiring that the documents and information be held in confidence.

      b.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must be informed of the terms of this Confidentiality Stipulation and Protective Order.

      c.    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "expert") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Confidentiality Stipulation and Protective Order requiring that the documents and information be held in confidence.

      d.    Disclosure may be made to any person whom the designator agrees in writing.

5.    Except as provided in paragraph 4, counsel for the parties shall keep all documents designated as Confidential which are received under this Stipulation and Order secure within their exclusive possession and shall place such documents in a secure area.

6.    Plaintiff and her counsel agree concerning any communication will be appropriate and professional with Defendant's present and/or former customers and present and/or former customers of CenturyTel, Inc. Plaintiff and her counsel further agree that they will not in any way badger or harass any of Defendant's present and/or former customers and present and/or former customers of CenturyTel, Inc.

7.    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be Confidential, these papers or any portion thereof shall be filed under seal by the filing party with the Court in an envelope marked "SEALED." A

reference to this Confidentiality Stipulation and Protective Order shall also be made on the envelope.

8. No party concedes that any material designated by any other person as Confidential does in fact contain, proprietary or confidential information, or has been properly designated as Confidential. Any party may at any time, on reasonable notice, move for relief from the provisions of this Stipulation and Order with respect to specific material.

9. Any designator may, at any time, withdraw the designation of any Confidential Material by that designator.

10. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney client privilege or is protected from discovery as work product within the meaning of the Federal Rules of Civil Procedure or other applicable law. No party shall be held to have waived any rights by such inadvertent production.

11. This Stipulation and Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

12. At the conclusion of the litigation, all material not received in evidence and treated as Confidential under this Confidentiality Stipulation and Protective Order shall be returned to the originating party. If the parties so stipulate, the material may be destroyed.

13. This Order does not restrict the use by a designator of the designator's own documents or information.

STIPULATED AND AGREED to this
_25th_ day of May, 2007.

_____
David J. Houston (P30448)
Norman D. Hawkins (P36941)
Dickinson Wright PLLC
Attorneys for Defendants
200 Ottawa Avenue, N.W.
Suite 900
Grand Rapids, MI 49504
(616) 458-1300

STIPULATED AND AGREED to this
_25_ day of May, 2007.

_____
Michael D. Cox, M.D., J.D.
LA Bar Roll #20453
Attorney for Plaintiff
205 Tealwood Drive
Bossier City, Louisiana 71111
(318) 746-2793

STIPULATED AND AGREED to this
_19_ day of ~~May, 2007~~ June

_____
Michael L. DuBos
Breithaupt, Dunn, DuBos, Shafto &
Wolleson
Community Trust Bank Building
1800 Hudson Lane
Suite 200-A
Monroe, Louisiana 71201
(318) 322-1202


**IT IS SO ORDERED,**

Dated this ___ day of _____, 2007.


_____
Judge Maurice Hicks
Magistrate Judge Mark L. Hornsby


GRAPIDS 34840-30 204314

RECEIVED
IN MONROE, LA

JUN 19 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# BREITHAUPT, DUNN, DUBOS, SHAFTO & WOLLESON, LLC

Attorneys at Law

WALTER C. DUNN*
P. SCOTT WOLLESON*
WESLEY S. SHAFTO*†
MICHAEL L. DUBOS*
R. ALAN BREITHAUPT *

Community Trust Bank Building
1800 Hudson Lane
Suite 200-A
Monroe, Louisiana 71201

Phone (318) 322-1202
Fax (318) 322-1984
Website: www.bddswlaw.com
E-mail: mdubos@bddswlaw.com

† L.L.M. in Banking and Finance Law
* A Professional Law Corporation

June 19, 2007

**Via Hand Delivery**
United States District Court
Monroe Division
215 Federal Building
201 Jackson Street
Monroe, LA 71210

   Re: Pamela Brown
      Vs. No.: 5:06cv1984
      CenturyTel Service Group, LLC

Dear Clerk:

  Enclosed herein, please find an original and one (1) copy of a Joint Stipulation and Agreement for Protective Order. Please file the original into the record of this matter, forward to the judge for his consideration and execution and return the stamped copy to me for my files.

  If you have any questions or wish to discuss this matter in greater detail, please do not hesitate to contact me. With kind personal regards, I remain

            Very truly yours,

            BREITHAUPT, DUNN, DUBOS,
            SHAFTO & WOLLESON, LLC

            Michael L. DuBos

MLD/cde
Encl.
cc: Mr. Carrick Inabnett (w/o encl.)